IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Central Ohio Alternate Program,            Case No. 3:06CV1083

       Plaintiff,

      v.                                      ORDER

Judge Teresa L. Ballinger, et al.,

       Defendants.

This is a suit by the Central Ohio Alternative Program (COAP), a state certified and licensed alcohol and drug addiction driver intervention program, and its owner, Richard Rees, against Teresa Ballinger, Judge of the Marion, Ohio, Municipal Court, the City of Marion, and John Doe defendants.

In an earlier decision, I granted Judge Ballinger's motion to dismiss [Doc. 25]. *Central Ohio Alternate Program v. Ballinger*, Case No. 3:06CV1083 (N.D. Ohio). Now pending is a motion for summary judgment filed by the remaining defendant, the City of Marion.

For the reasons that follow, the motion shall be granted.

**Background**

When Judge Ballinger ran for election in 2005 after earlier having been appointed to the Marion Municipal Court, the individual plaintiff and others affiliated with COAP supported Judge

Ballinger's opponent. A competitor program, which shared court-ordered alternative sanction referrals from the Marion Municipal Court equally with COAP, supported Judge Ballinger.

Shortly after winning the election, the Judge sent plaintiffs a letter stating, inter alia, "the Court no longer needs the services of COAP for the jail, thus leaving your December classes as the final class." Judge Ballinger removed COAP from the court's approved list of alternative programs. Thereafter she referred defendants solely to the other program.

In addition, plaintiffs allege that the City of Marion, through the court's Probation Office [which plaintiffs claim is an agency of the City], no longer distributes or otherwise makes available information about COAP and its services.

Asserting three claims – violation of First Amendment freedom of speech and association; violation of Fifth Amendment due process; and breach of contract, plaintiffs sue under 42 U.S.C. § 1983 for declaratory and injunctive relief, compensatory and punitive damages, and attorneys' fees and costs.

**Standard of Review**

A motion for summary judgment must be granted unless the party opposing the motion shows that there are genuine issues of material fact, which a jury [or the judge, in a non-jury trial] alone can decide. Fed. R. Civ. P. 56(c). *See generally Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

**Discussion**

Plaintiffs' factual allegations about the actions of the Probation Department are made "on information and belief." To suffice to raise a genuine issue of material fact, the plaintiff must show that his factual allegations are made on personal knowledge, or otherwise are based in competent and admissible evidence. Fed. R. Civ. P. 56(e). *Citizens to Preserve Overton Park, Inc. v. Volpe* 432 F.2d 1307, 1319 (6th Cir. 1970), *rev'd on other grounds*, 401 U.S. 402 (1971) (affidavit based on

information and belief of affiant "did not contain competent evidence to be considered in opposing a motion for summary judgment [and] could not contradict the positive statement of facts contained in [movant's]affidavit."); *Giles v. University of Toledo*, 241 F.R.D. 466, 469 (N.D. Ohio 2007).

Plaintiffs thus have failed to present competent evidence in support of their motion.

In any event, even if the plaintiffs' underlying allegations about the Probation Office were true [i.e., that its officers were no longer distributing information about COAP],[1] the City is entitled to summary judgment as to their claims.

As the City points out – and plaintiff does not directly contradict, much less support with admissible evidence – the Probation Office is an agency and arm of the Municipal Court, not the City of Marion. The Court is a free-standing public agency, expressly authorized under Ohio law to appoint probation officers. O.R.C. § 1901.33.

To be sure, as plaintiff alleges, the Court may receive State and Federal funds via the City. This includes funds earmarked for alternative drunk driving intervention programs, such as that operated by COAP. But that doesn't matter: what matters is whether the City can control the decisions and actions of the Probation Office and its officers.

Plaintiffs have presented no evidence showing that such is the case. That is plaintiffs' burden, which they have not met.

Because the defendant City has no control over, and is otherwise not responsible or accountable for the actions of the Probation Office of the Marion, Ohio, Municipal Court, it cannot be held liable for any of the actions of that Office or its administrators or officers.

---

[1] This assumes that failure to inform the public about COAP somehow is actionable – a dubious and doubtful proposition at best.

**Conclusion**

In light of the foregoing, it is

ORDERED THAT the motion of the City of Marion for summary judgment be, and the same hereby is granted.

So ordered.

s/James G. Carr<br>
James G. Carr<br>
Chief Judge